

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00036-CR

Roberto Hirineo **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 15-10-14239-CRSI2
Honorable J. Manuel Banales, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: March 3, 2021

AFFIRMED

A jury convicted Roberto Hirineo Rodriguez of continuous sexual assault of a child and assessed punishment at thirty years' confinement. In a single issue on appeal, Rodriguez asserts that, during a pre-trial hearing, the trial court erred by admitting out-of-court video statements from a testifying child victim over his hearsay objection. We affirm.

**PROCEDURAL & FACTUAL BACKGROUND**

Shortly after the initial report of sexual assault was made, the child-complainant, Aliana, and her sister, Sarah, were interviewed by the Children's Advocacy Center of the Coastal Bend.[1] Both interviews were video-recorded. After voir dire, but before trial on the merits commenced, the trial court conducted a hearing to determine the reliability of the forensic interviewer, Penny Green, and the therapist, Sylvia Martinez, as potential outcry witnesses. The court also considered whether Sarah could testify at trial to give evidence of Rodriguez's extraneous offenses.

Rodriguez objected that because the State intended to call Sarah as a witness at trial, her recorded testimony should not be admitted at the hearing. The court overruled the objection and allowed Sarah's recorded testimony to be played. During the trial, several witnesses testified, including Aliana and Sarah. The video-recorded interviews of neither Aliana nor Sarah were presented to the jury. The jury returned a guilty verdict and assessed punishment. This appeal ensued.

**ANALYSIS**

In a single issue on appeal, Rodriguez asks whether Texas Code of Criminal Procedure article 38.072 "authorizes the introduction of a child's out-of-court outcry video into evidence in addition to live testimony of that child victim?" Rodriguez contends article 38.072 authorizes testimony from an outcry witness, such as Penny Green, but it does not authorize the admission into evidence of a video or audio tape of an "out-of-court, ex parte, un-cross-examined statement," such as Sarah's recorded statement.

Article 38.072 applies to out-of-court statements that: (1) describe the alleged offense; (2) are made by the child-complainant; and (3) are made to the first person, eighteen years of age or

---

[1] The names of both girls are the pseudonyms used in the trial court record.

older, other than the defendant, to whom the child-complainant made a statement about the offense. *See* TEX. CODE CRIM. PROC. art. 38.072, § 2(a); *Bays v. State*, 396 S.W.3d 580, 581 n.1 (Tex. Crim. App. 2013). In *Bays*, the Court considered whether the trial court impermissibly admitted the child-complainant's videotaped statement under the so-called outcry statute, article 38.072.

In that case, during the sexual assault investigation, police officers asked Kelsey Drennan, an investigator for the Texas Department of Family and Protective Services to interview the child-complainant. 396 S.W.3d at 583. During trial, the State called Drennan as its designated outcry witness and offered the thirty–minute videotape of the child-complainant's interview. Over the appellant's hearsay objection, the trial court admitted the recording in its entirety, and it was played for the court. Drennan did not testify about any of the child's outcry statements. Instead, the sole evidence of the statements the child made to Drennan was the videotape of the interview. *Id.* After the videotape was played, the child testified.

On appeal, the appellant and the State disagreed on whether the videotaped recording of the child-complainant's interview should be admissible under the outcry statute. *Id.* at 584. To resolve the issue, the Court of Criminal Appeals considered conflicting interpretations of the outcry statute. "With respect to the question of what forms of evidence are admissible under the statute, the phrase 'witness through whom it intends to offer the statement' could reasonably be interpreted as indicating that the child's outcry statement must be conveyed directly 'through' the testimony of the outcry 'witness.'" *Id.* at 585. On the other hand, "[a]lthough the statute clearly contemplates that the child's statements will be offered 'through' an outcry 'witness,' the State argues that this language does not necessarily compel the conclusion that the witness must relate the child's statements through testimony." *Id.* at 586. "Rather, under this latter interpretation, any form of evidence, including a video recording of the child's out-of-court statement, would be admissible, so long as the proper outcry witness was present at trial and could act as a sponsoring

witness for that recording." *Id.* After an analysis of other relevant statutes,[2] the Court concluded article 38.072 did not permit admission of video-recorded statements of a child-complainant and the statutory hearsay exception for outcry evidence applied only when the child's statements were conveyed through the testimony of the properly designated outcry witness. *Id.* at 584, 592.

If *Bays* were applicable, Sarah's video-recorded interview would not have been admissible in lieu of Penny Green's testimony as the outcry witness. That, however, is not the case. The recording of Sarah's testimony was not offered or admitted into evidence during trial or played for the jury in lieu of the testimony of the outcry witness. In fact, the video-recording was never played for any purpose at trial and was admitted only for purposes of the pre-trial hearing. Furthermore, Sarah's testimony at trial was offered pursuant to article 38.37,[3] which allows for the admission of certain extraneous evidence. Therefore, Rodriguez's argument that article 38.072 prohibited the introduction of Sarah's recorded testimony in addition to her live testimony lacks any foundation in the record.

### CONCLUSION

For the reasons stated above, we overrule Rodriguez's issue on appeal and affirm the trial court's judgment.

Lori I. Valenzuela, Justice

Do not publish

---

[2] The Court noted that the "admissibility of a child-victim's pretrial recorded statements is more specifically governed by a related statute set forth at Texas Code of Criminal Procedure Article 38.071, which we refer to as the 'video statute.'" *Id.* at 588.

[3] Article 38.37, section (2)(b) allows evidence of a defendant's extraneous sexual offenses committed against other children to be admitted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. art. 38.37, § (2)(b).